**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0792-15T4

CAMERON SMITH,

      Plaintiff-Appellant,

v.

WALMART STORES, INC., WAL-MART
STORES EAST, INC., WAL-MART STORES
EAST I, LP, WAL-MART STORES, INC.,
WALMART STORE NUMBER 2569, and
WALMART, INC.,

      Defendants-Respondents.

_____

      Submitted December 20, 2016 — Decided July 31, 2017

      Before Judges Suter and Guadagno.

      On appeal from the Superior Court of New
      Jersey, Law Division, Morris County, Docket
      No. L-126-13.

      James C. DeZao, attorney for appellant.

      Cottrell Solensky, P.A., attorneys for
      respondents (Edward Solensky, Jr. and Mark
      M. Makhail, on the brief).

PER CURIAM

    Plaintiff Cameron Smith appeals from a Law Division order

entered on September 23, 2015, denying plaintiff's motion for

reconsideration of an order entered on May 8, 2015, which granted summary judgment to defendant Wal-Mart Stores, Inc. and dismissed plaintiff's complaint with prejudice.[1]

On appeal, plaintiff argues that the motion judge erred in granting summary judgment without considering evidence of defendant's failure to exercise reasonable care in inspecting the premises. Plaintiff also argues that the mode-of-operation doctrine applies.

On January 19, 2011, at approximately 9:45 p.m., plaintiff was shopping in a store owned and operated by defendant in Flanders. Plaintiff testified that it had rained earlier that day and, as she entered the store, she noticed eight to ten buckets "strategically" placed to catch dripping rainwater near the entrance. As plaintiff was walking through the store, she slipped and fell, landing on her right hip and sustaining injuries.

Plaintiff was accompanied by her boyfriend, Mark Garofalo, but he did not take the exact same path through the store.

---

[1] Plaintiff's brief suggests she is appealing from both orders, however, her notice of appeal indicates she is appealing only from the September 23, 2015 order. Thus, we consider only the order designated in the notice of appeal. 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004) (citing Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div.), aff'd o.b., 138 N.J. 41 (1994)).

Plaintiff testified she slipped on "something wet" and when Garofalo picked her up, her right side where she landed was wet.

When plaintiff returned home, she felt sore and applied ice to her buttocks and right hip. The following day, plaintiff went to a hospital where she was diagnosed with a broken coccyx. Plaintiff filed a complaint seeking damages for personal injuries, alleging defendant caused a dangerous condition to exist.

Plaintiff submitted a report by Michael G. Natoli, P.E., who concluded that the wetness on the floor at the time of plaintiff's accident was an unsafe condition and defendant's failure to mitigate the wetness was the cause of plaintiff's injury.

After engaging in discovery, defendant moved for summary judgment, arguing plaintiff failed to establish that defendant had notice of the condition. Plaintiff opposed the motion relying on Natoli's report, defendant's answers to interrogatories, depositions of two of defendant's employees, and an unpublished 2010 slip and fall case.[2]

During oral argument on defendant's motion before Judge Donald S. Coburn, plaintiff's counsel focused on the water

---

[2] Unpublished cases have no precedential value. R. 1:36-3.

A-0792-15T4

dripping into the buckets near the entranceway and suggested that customers entering the store may have "transferred" that water to the area where plaintiff fell, approximately twenty feet away. Judge Coburn noted that no evidence supported this theory and granted the motion to dismiss plaintiff's complaint.

Plaintiff moved for reconsideration and submitted a second expert report by Alex J. Balian, identified in his report as a Retail Industry Consultant. Balian found that the maintenance procedure at defendant's store, requiring hourly floor inspection and floor sweeping three times per day, did not change when inclement weather occurred. From this premise, Balian deduced that defendant's failure to increase the frequency of inspections and sweeps on January 19, 2011, "leads to the conclusion that the water where [plaintiff] fell in was there long enough that it should have been detected or there for an unreason[able] length of time."

During oral argument, Judge Coburn refused to consider the Balian report because a new expert report cannot be submitted on a motion for reconsideration and plaintiff had not explained why the report could not have been submitted at the summary judgment motion. Even if he were to consider the report, the judge found it to be "a blatantly net opinion."

Plaintiff's counsel then raised the mode-of-operation doctrine for the first time.[3] Judge Coburn rejected that argument finding the mode-of-operation doctrine did not apply to these facts.

"A motion seeking reconsideration of a prior order is governed by Rule 4:49-2, which requires the movant to explicitly identify the grounds for the motion to fit within that 'narrow corridor' in which reconsideration is appropriate." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

Plaintiff's motion for reconsideration was based on an expert report which was properly excluded. The mode-of-operation doctrine was never argued during the motion for summary judgment and plaintiff's attempt to raise the doctrine for the first time on the motion for reconsideration was improper. Moreover, the mode-of-operation doctrine is inapplicable to the facts in this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Plaintiff's counsel initially conceded that she had not argued the mode-of-operation doctrine, but then stated she believed she had. Our review of the transcript reveals no mention of the doctrine.